UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC PIERSON,<br><br>                           Plaintiff,<br>v.<br><br>STOREY COUNTY, et al.,<br><br>                          Defendants. | Case No. 3:12-cv-00598-MMD-VPC<br><br>ORDER<br><br>(Defs.' Motion to Dismiss – dkt. no. 7) |

**I.   SUMMARY**

Before the Court is Defendants Storey County, Greg Hess, Laura Grant, and Jim Miller's Motion to Dismiss. (Dkt. no. 7.) For the reasons set forth below, the Motion is granted.

**II.   BACKGROUND**

Plaintiff Eric Pierson provides very few facts in his Amended Complaint. (*See* dkt. no. 3.) He asserts that he ran for a Commissioner seat on the Board of County Commissioners for Storey County, but failed to win. (*Id.* ¶ 8.) He does not provide the date of the election. During the campaign, Plaintiff states that he disagreed with Defendant Hess, who was a Commissioner at the time, and Defendant Miller, who was the Sheriff of Storey County at the time, on a number of issues, including alleged corruption in County government and residential development in northern Storey County. (*See id.*) Plaintiff argues that, as a result of his protected speech, Mr. Miller had his subordinates "conduct over-aggressive and illegal law enforcement efforts to investigate

and charge Plaintiff." (*Id.* ¶ 9.) These efforts, Plaintiff alleges, included "unprofessional and suggestive questioning of Plaintiff's former wife," "judicial deception in order to obtain warrants to search property of Plaintiff and to arrest Plaintiff," "warrantless searches of his property without his consent," and ensuring that Mr. Pierson was "tailed, stalked, and followed." (*Id.* ¶¶ 9–10.) Mr. Pierson next asserts that the Storey County District Attorney refused to charge him and that despite a unanimous vote by the Board of County Commissioners, including Mr. Hess, to prosecute him, the Attorney General's office again refused. (*Id.* ¶¶ 11–12.) However, Mr. Pierson then states that he was arrested on December 24, 2007, and that the charges remained pending until the Court dismissed them in January 2012. (*Id.* ¶ 14.) The Complaint does not state who arrested him, on what charges, or any other relevant details. Ms. Grant, the special prosecutor at the time, allegedly knew that there was no probable cause to proceed with the prosecution but nevertheless prosecuted Mr. Pierson on a felony charge. (*Id.* ¶ 15.)

Plaintiff brings six claims: (1) liability under 42 U.S.C. § 1983 for violation of the First, Fourth, and Fourteenth Amendments of the United States Constitution; (2) false arrest; (3) false imprisonment; (4) malicious prosecution; (5) intentional infliction of emotional distress; and (6) intentional interference with Plaintiff's right to seek and/or hold office. Defendants seek dismissal of all claims except for malicious prosecution under state and federal law, claiming that the others are barred by the applicable statute of limitations.

III. **LEGAL STANDARD**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

## IV. DISCUSSION

Defendants' sole argument in their Motion to Dismiss is that Plaintiff has failed to file his claims, with the exception of his federal and state malicious prosecution claims, within the applicable statute of limitations. The Court notes, however, that it also has concerns regarding Plaintiff's fulfillment of the pleading standard required by *Twombly* and *Iqbal*.

///

### A. Violations Under 42 U.S.C. § 1983 (Claim One)

Defendants argue that Plaintiff's First and Fourth Amendment claims under 42 U.S.C. § 1983 are barred by the applicable two-year statute of limitations. In determining the statute of limitations for a § 1983 claim, the Court looks to the state's personal injury statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 240-41, 582 (1989). In Nevada, the applicable statute of limitations for personal injury claims is two (2) years. *See* NRS 11.190(4)(e). Defendants argue that all of Defendants' alleged unlawful acts related to both the First and Fourth Amendment claims occurred more than two (2) years before Plaintiff filed his original complaint on November 9, 2012. The Court agrees.

#### 1. First Amendment

The Complaint does not clearly identify what the alleged First Amendment violation is. It appears that the protected speech Plaintiff is concerned with is the statements Mr. Pierson made during the course of his campaign for the Board of County Commissioners. (*See* dkt. no. 3 ¶ 8.) The alleged violation of his First Amendment rights is equally unclear. The only reference to retaliation in the Amended Complaint involves Mr. Miller. In particular, Plaintiff states that Mr. Miller "abused his power as chief law enforcement officer in Storey County to attempt to create criminal charges against Plaintiff motivated by Plaintiff's protected activity." (Dkt. no. 3 ¶ 9.) Mr. Miller abused his power, according to Plaintiff, by having his subordinates question Plaintiff's wife, obtain warrants, search his property, and arrest him. (*See id.* ¶¶ 9–10.) While Plaintiff does not provide the dates of the alleged searches and questioning of Plaintiff's wife, they presumably occurred prior to his December 24, 2007, arrest. Defendant argues, therefore, that any First Amendment claim against Mr. Miller must be dismissed.

The Court agrees. All of Mr. Miller's alleged actions presumably occurred prior to 2008. Indeed, while Plaintiff suggests in his Opposition that the evidence that Mr. Miller collected was the foundation for Mr. Pierson's prosecution, the Complaint does not make this allegation. Indeed, the Complaint states that "[t]he Storey County District Attorney failed to charge Plaintiff based upon the evidence submitted by Miller and his

4

subordinates." (Dkt. no. 3 ¶ 11.) While Plaintiff does not state which District Attorney's office eventually charged him, Exhibit B to Defendant's Reply seems to indicate that it was the Storey County District Attorney. (*See* dkt. no. 27-1.)

To the extent Plaintiff's First Amendment claim is directed at the remaining Defendants, Plaintiff has failed to allege any facts demonstrating retaliation for his protected speech. While Plaintiff asserts that the Board of County Commissioners, including Mr. Hess, voted to request that the Attorney General prosecute Mr. Pierson, there is no allegation that this was because of Mr. Pierson's First Amendment activity. Indeed, even if Plaintiff had alleged retaliation, Mr. Pierson draws no connection between this vote and the subsequent prosecution. Instead, Plaintiff explicitly states that the Attorney General refused the Board's request. (*See* dkt. no. 3 ¶ 12.)

In regards to Ms. Grant's role as prosecutor, while Mr. Pierson asserts that she proceeded with the prosecution despite her alleged belief that there was no probable cause, he does not allege any connection between the prosecution and his First Amendment activity. (*See id.* ¶ 15.) While Plaintiff argues in his Opposition that the prosecution was in retaliation for his protected speech (*see* dkt. no. 15 at 2), no such facts are alleged in the Complaint.

Plaintiff has only alleged facts of retaliation relating to the conduct of Mr. Miller, which occurred prior to the relevant statute of limitations. The Amended Complaint does not explicitly connect any other Defendant's behavior to the First Amendment speech of Plaintiff. Plaintiff's First Amendment claim is, therefore, dismissed.

### 2. Fourth Amendment

The content of Mr. Pierson's Fourth Amendment claim is also unclear. He appears to seek relief for the searches led by Mr. Miller and his subsequent arrest. Mr. Pierson provides no dates indicating when the unlawful searches occurred or when he was released following his arrest. The only date Plaintiff provides is his arrest date on December 24, 2007. Defendants represent that Mr. Pierson was released on December 26, 2007, and that he was bound over for trial by Order of Commitment on March 28,

2008. (Dkt. no. 7 at 6.) As with the First Amendment claim, the applicable statute of limitations on Mr. Pierson's Fourth Amendment claim is two (2) years.

The Court finds, and Plaintiff appears to concede (see dkt. no. 15 at 5), that his § 1983 claim for unlawful arrest is barred. The accrual date of a § 1983 cause of action is a question of federal law. See Wallace v. Kato, 549 U.S. 384, 388 (2007). The Court in Wallace held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Id. at 397. Mr. Pierson was arrested on December 24, 2007, and bound over for trial on March 28, 2008. Because he did not file this suit until November 9, 2012, the statute of limitations has expired.

Regarding his illegal search claim, Plaintiff argues that the claim does not accrue until the criminal prosecution concludes. (See dkt. no. 15 at 5.) In his Amended Complaint, Plaintiff states that the charges remained pending until January 2012. (See dkt. no. 3 ¶ 14.) In support of his accrual argument, Plaintiff cites Harvey v. Waldron, 210 F.3d 1008, 1015 (9th Cir. 2000), which held that "a § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned." Harvey has been subsequently challenged by Wallace v. Kato, however, which held that a § 1983 claim for unlawful arrest is not tolled during prosecution. 549 U.S. at 388-90. While Wallace did not explicitly address § 1983 claims for illegal search and seizure, the Court did find that there is generally no tolling of § 1983 claims while a plaintiff is subject to criminal prosecutions. See id. at 395-95. The exception, the court noted in Wallace, is for malicious prosecution, which the court found is "entirely distinct" from this analysis because it requires a showing of "wrongful institution of the judicial process." Id. at 389-90.

Courts adjudicating the issue of when a § 1983 claim for unlawful search and seizure accrues post-Wallace have generally applied the reasoning in Wallace and held

that the accrual date is the date that the wrongful act occurred. *See Lindsey v. Myer*, 2:10-cv-1437, 2012 WL 1114181, at *8 (D. Or. Feb. 13, 2012) (holding that the statute of limitations for alleged violation of Fourth Amendment right to be free from unlawful search and seizure commenced to run on the date of the search and seizure); *Easley v. Cnty. of El Dorado*, 2:08-cv-1432, 2010 WL 4569137, at *5 (E.D. Cal. Nov. 3, 2010) (finding that section 1983 claims premised on an alleged illegal search and seizure generally accrue at the time of the search and seizure); *Kamar v. Krolczyk*, 1:07-cv-0340, 2008 WL 2880414, at *12 (E.D. Cal. July 22, 2008) (holding search and seizure claim accrued on the date of the search). Plaintiff has pointed to no unique facts in this case that indicate why the date of the search should not be used as the accrual date.

The Court therefore dismisses Plaintiff's Fourth Amendment claim in its entirety.

### B. State Tort Claims

#### 1. False Arrest and False Imprisonment (Claims Two and Three)

The statute of limitations for a false arrest claim and for a false imprisonment claim is two (2) years. *See* NRS 11.190(4)(c). As discussed *supra* in Section IV.A.2., Plaintiff failed to file this case within the two-year statute of limitations. While Plaintiff states that *Wallace* does not apply to state law claims and that this Court can "predict that the Nevada Supreme Court would adopt equitable tolling to render the State law claims timely," Plaintiff cites no law suggesting the basis for this conclusion. Additionally, Plaintiff provides no facts in the Complaint that would support a finding of equitable tolling. Plaintiff's second and third claims for relief are therefore dismissed.

#### 2. Intentional Infliction of Emotional Distress (Claim Five)

The statute of limitations in Nevada for intentional infliction of emotional distress is two (2) years. *See* NRS 11.190(4)(e). Defendants argue that the statute of limitations has expired because Plaintiff has failed to indicate any event following Mr. Pierson's arrest on December 24, 2007, for which Defendants are responsible. (*See* dkt. no. 7 at 8.)

///

7

As an initial matter, it is unclear from the Amended Complaint who this claim is against and for what. A claim for intentional infliction of emotional distress requires "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 625 P.2d 90, 91-92 (Nev. 1981) (citations omitted). The Court agrees with Defendants that Plaintiff has failed to allege any actions taken by Mr. Hess or Mr. Miller within the two-year statute of limitations. Regarding Ms. Grant, while Plaintiff has alleged that Ms. Grant "determined to proceed with the prosecution of Plaintiff for a felony change" (dkt. no. 3 ¶ 15), and that the court did not dismiss the charges against Mr. Pierson until January 2012 (*see id.* ¶ 14), Plaintiff has failed to allege any facts connecting Ms. Grant to the charges in the five (5) years from arrest to dismissal. Count five is therefore dismissed.

### 3. Intentional Interference with Plaintiff's Right to Seek and/or Hold Office (Claim Six)

This Court is not aware of any Nevada tort for intentional interference with an individual's right to seek and/or hold office and Plaintiff cites no law in support thereof. The claim is therefore dismissed.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendants' Motion to Dismiss (dkt. no. 7) is granted. All claims are dismissed without prejudice except for Plaintiff's Fourteenth Amendment claim pursuant to 42 U.S.C. § 1983 and Plaintiff's malicious prosecution claim.

DATED THIS 27th day of November 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE