UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC PIERSON,<br><br>                    Plaintiff,<br>    v.<br><br>STOREY COUNTY, et al.,<br><br>                    Defendants. | Case No. 3:12-cv-00598-MMD-VPC<br><br>ORDER<br><br>(Defs.' Motion for Summary Judgment – dkt. no. 37) |

**I.   SUMMARY**

Before the Court is Defendants Storey County, Greg Hess, Laura Grant, and Jim Miller's Motion for Summary Judgment ("Motion"). (Dkt. no. 37.) For the reasons set forth below, the Motion is granted.

**II.   BACKGROUND**

The background facts are recounted in the Court's Order granting Defendants' Motion to Dismiss, which resulted in dismissal of all but two claims for malicious prosecution under federal and state law. (Dkt. no. 36.) While the Amended Complaint is scant on the facts, the Court gathers the following facts relating to Plaintiff's malicious prosecution claims.[1]

Plaintiff Eric Pierson ran for a Commissioner seat on the Board of County Commissioners for Storey County, but failed to win. (Dkt. no. 3 ¶ 8.) The Amended

---

[1] The source of these facts is the Amended Complaint and the parties' briefs and proffered exhibits relating to Defendants' Motion. (Dkt. nos. 3, 37, 40, 41.)

1  Complaint does not provide the date of the election, although Plaintiff's deposition testimony referred to the 2006 election. (Dkt. no. 37-1, Exh. 1, at 19.) During the campaign, Plaintiff expressed his disagreement with Defendant Greg Hess, who was a Commissioner at the time, and Defendant Jim Miller, who was Storey County's Sheriff at the time, on a number of issues, including alleged corruption in County government and residential development in northern Storey County. (Dkt. no. 3 ¶ 8.)

In the Amended Complaint, Plaintiff alleges that he was arrested on December 24, 2007, and the charges remained pending until the state court dismissed them in January 2012. (*Id.* ¶ 14.) The Complaint does not allege who arrested him, on what charges, or any other relevant details. Defendants' Motion offers these details. On December 24, 2007, the Storey County District Attorney's Office filed a Criminal Complaint against Plaintiff for two felony counts of sexual assault in violation of NRS § 200.366 and one felony count of battery with the intent to commit a sexual assault in violation of NRS § 200.400(4)(b). (Dkt. no. 37-1, Exh. 10.) The allegations in support of the Criminal Complaint involved Plaintiff's alleged conduct directed at his former spouse of more than ten years, Robertina Pierson Brown.

Plaintiff and Ms. Brown separated on July 4, 2007. (Dkt. no. 37-1, Exh. 1, at 4-6.) Two days later, Ms. Brown obtained a temporary protective order against Plaintiff for domestic violence from the Justice Court of Virginia Township. (*Id.*; dkt. no. 37-1, Exh. 2, at 21.) On July 10, 2007, Ms. Brown filed a report against Plaintiff with the Storey County Sheriff's Office ("Sheriff's Office"), claiming that Plaintiff had pointed a loaded firearm at her during previous fights and requesting that the firearm be removed by the Sheriff's Office for safekeeping. (*Id.,* Exh. 2, at 29.) On August 21, 2007, Ms. Brown filed a written statement with the Sheriff's Office wherein she claimed to have been subjected to acts of domestic violence by Plaintiff in the past year, including an alleged rape in May 2007. (*Id.*, Exh. 5, at 37.) The Sheriff's Office responded and conducted an investigation, including interviewing Ms. Brown and her sister and reviewing Ms. Brown's medical records. (*Id.*, Exh. 5, at 34-38.) The Sheriff's Office referred the case to the Storey

1  County District Attorney's Office ("DA's Office") with a request that a criminal complaint
2  be initiated. (*Id.*, Exh. 5, at 36)  On September 18, 2007, the Storey County Board of
3  Commissioners adopted a resolution requesting that the criminal prosecution of Plaintiff
4  be referred to the Nevada Attorney Generals' Office due to a conflict of interest created
5  by a personal relationship between Plaintiff and the Storey County District Attorney. (*Id.*,
6  Exh. 7.) The Nevada Attorney General's Office declined, citing a lack of resources. (*Id.,*
7  Exh. 8.)

8  On December 21, 2007, Ms. Brown provided another statement to the Sheriff's
9  Office in which she alleged that she had been raped by Plaintiff on June 1, 2007. (*Id.*,
10 Exh. 9, at 48-52.) Again, the Sheriff's Office conducted an investigation, including
11 interviewing Ms. Brown and her friend Sandra Nicholson. (*Id.*, Exh. 9, at 48-52.) Three
12 days later, on December 24, 2007, the DA's Office filed a Criminal Complaint against
13 Plaintiff ("Criminal Case"). (*Id.*, Exh. 10.) Defendant Laura Grant ("Special Prosecutor")
14 was appointed as a Special Prosecutor to prosecute Plaintiff. (*Id.*, Exh. 1, at 16.) The
15 preliminary hearing occurred over the course of two days in February and March 2008.
16 (*Id.*, Exh. 1, at 17.) Plaintiff was represented by counsel and had the opportunity to
17 present evidence and to cross-examine the prosecution's witnesses, including Ms.
18 Brown. (*Id.*, Exh. 1, at 9-10.) The presiding justice of the peace concluded there was
19 probable cause to bind Plaintiff over for trial on all charges. (*Id.*, Exh. 1, at 10, 57.)

20 One of the issues raised in Criminal Case involved Plaintiff's request for an order
21 for independent psychological evaluation of Ms. Brown. (*Id.*, Exh. 13.) In April 2009, the
22 presiding district court judge denied the request without prejudice based on a finding that
23 Plaintiff failed to produce evidence that Ms. Brown's "mental or emotional state may
24 have affected her veracity." (*Id.*, Exh. 13.) Several months later, in August 2009, the
25 court granted Plaintiff's request, finding that Plaintiff offered information from a physician,
26 "including his opinion to a reasonable psychiatric certainty[,] that Ms. Brown's mental or
27 emotional state may have affected her veracity." (*Id.*, Exh. 14.) The district court further
28 ordered the prosecution to provide the physician who was to examine Ms. Brown with

1  "all relevant records impacting Ms. Brown's medical and psychiatric status." (*Id.*, Exh.
2  14.) The Special Prosecutor represented to Plaintiff's counsel in the Criminal Case that
3  all relevant medical documents had been produced, but that she could not advise Ms.
4  Brown to waive her right to privacy by consenting to disclose her medical and
5  psychological records. (*Id.*, Exh. 15.)

6        The Special Prosecutor's position that the prosecution's discovery obligation
7  extended only to documents in its possession and that the prosecution could not advise
8  Ms. Brown to waive her right to privacy, as well as Ms. Brown's refusal to provide the
9  medical release, became the subject of considerable dispute in the Criminal Case. (*Id.*,
10  Exhs. 17, 18.) The dispute apparently led Plaintiff to file a motion to dismiss, which the
11  state court denied. (*Id.*, Exh. 17.) Plaintiff then sought a petition for writ of mandamus
12  from the Nevada Supreme Court to prohibit the district court from proceeding to trial or,
13  in the alternative, to dismiss the charges. (*Id.*, Exh. 18.) The Nevada Supreme Court
14  denied the petition. (*Id.*) About two weeks before trial, on January 31, 2012, the state
15  court granted Plaintiff's motion, entitled "Motion in Limine Re: Testimony Violates
16  Confrontation and Due Process Clause."[2] (*Id.*, Exh. 19.) In that order, the district court
17  precluded the prosecution from offering any testimony from Ms. Brown. The court
18  dismissed the Criminal Complaint, citing the following reason: "in light of the State's
19  acknowledgment that it has no case without the testimony of the alleged victim, this
20  matter cannot continue to trial, and accordingly the action against Mr. Pierson is
21  dismissed, with prejudice." (*Id.*)

22  **III.   LEGAL STANDARD**

23        The purpose of summary judgment is to avoid unnecessary trials when there is no
24  dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18
25  F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings,
26  the discovery and disclosure materials on file, and any affidavits "show there is no

---

27  [2] The state court's order referenced "the State's Response and non-opposition."
28  (Dkt. no. 37-1 at 81.)

4

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a

scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV.  DISCUSSION

Plaintiff's first claim for relief under 42 U.S.C. § 1983 encompasses malicious prosecution under the Fourteenth Amendment. (Dkt no. 3 ¶ 21.) Plaintiff's fourth claim for relief asserts malicious prosecution under Nevada law. (*Id.* ¶ 26.) These claims are not well asserted in the Amended Complaint, but Plaintiff's response clarifies that they are premised on his allegations that he was prosecuted for exercising his First Amendment rights. (Dkt. no. 40 at 2.)

Both claims turn on the lack of probable cause. A claim for malicious prosecution under 42 U.S.C. § 1983 requires a showing that Defendants prosecuted Plaintiff with malice and without probable cause, and Defendants did so with the intent to deny Plaintiff equal protection or "another specific constitutional right." *See Freeman v. City of Santa Ana*, 68 F.3d 1180, 1190 (9th Cir. 1995). Under Nevada law, an essential element of malicious prosecution is lack of probable cause. *Chapman v. City of Reno*, 455 P.2d 618, 620 (Nev. 1969).

Plaintiff cannot show the lack of probable cause element of his claim because the court in the Criminal Case made a probable cause finding in binding him over for trial. Plaintiff is estopped from relitigating the probable cause determination in this case. *See Haupt v. Dillard*, 17 F.3d 285 (9th Cir. 1994); *Forest v. City of Fort Bragg,* 520 F. App'x. 616, 617 (9th Cir. 2013) (a finding of probable cause at the preliminary hearing in the state court case was fully litigated and is a defense to malicious prosecution claim under § 1983). In *Haupt,* the plaintiff was arrested and charged with the kidnapping and murder of a seven-year-old boy. After a jury trial, the jury acquitted the plaintiff. He subsequently asserted claims under 42 U.S.C. § 1983 for, among other claims, violation of his constitutional rights to be free from unreasonable searches and seizures, and to be free from malicious prosecution. On summary judgment, the district court determined that the plaintiff was collaterally estopped from relitigating the probable cause determination

made at the preliminary hearing in the state criminal case. *Haupt*, 17 F.3d at 288-90. The Ninth Circuit Court of Appeals affirmed, finding that Nevada's requirements for collateral estoppel applied to the plaintiff's search and seizure and malicious prosecution claims, collaterally estopping the plaintiff from relitigating the probable cause determination. *Id.* In reaching this conclusion, the court rejected plaintiff's argument that the probable cause issue was not "necessarily decided," as Nevada law requires, because he was acquitted, and because the probable cause determination at his preliminary hearing was not necessary to support that judgment. *Id.* at 289.

Similarly here, the dismissal of the Criminal Case does not undermine the initial finding of probable cause. The state court gave as the reason for dismissal the prosecution's acknowledgment that it could not proceed to trial without the testimony of the alleged victim because the court's evidentiary ruling prevented the prosecution from offering her testimony. (Dkt. no. 37-1, Exh. 19.) In fact, the district court had denied Plaintiff's request to dismiss the criminal charges due to the prosecution's failure to provide all medical documents and the alleged victim's failure to provide the medical release. (*Id.*, Exh. 17.) The reason for the dismissal did not reverse or affect the probable cause determination made after two days of evidentiary hearing during which Plaintiff's attorney in the Criminal Case had the opportunity to cross-examine Ms. Brown. (*Id.*, Exh. 19.)

Plaintiff argues that a factual dispute exists as to the existence of probable cause for his prosecution. (Dkt. no. 40 at 2.) But he offers no specific support for this contention. Nor does Plaintiff point to any evidence showing that the state court's determination of probable cause lacks any support in the records before that court and does not amount to prima facie evidence of probable cause in this case.

A plaintiff may overcome a prima facie finding of probable cause "by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct taken in bad faith." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004); *Haupt*, 17 F.3d at 290 n.5. The court in *Haupt* provided as an

1  example the situation where the "[p]robable cause to continue a prosecution may
2  disappear with the discovery of new exculpatory evidence after the preliminary hearing,"
3  and where the state actors suppress this evidence after being made aware of it. *Haupt*,
4  17 F.3d at 290 n.5.
5       Plaintiff argues that this situation occurred in his Criminal Case because Ms.
6  Brown delayed in reporting the alleged rape and because "the prosecution's explanation
7  was that the post-traumatic stress disorder caused her to delay her report." (Dkt. no. 40
8  at 3.) Even accepting these allegations as true and drawing all reasonable inferences in
9  Plaintiff's favor, these allegations do not show any discovery of new or even exculpatory
10 evidence after the preliminary hearing, any attempt by the prosecution to suppress the
11 evidence, or any other wrongful conduct by the prosecution in the Criminal Case. It is
12 undisputed that Ms. Brown's statements to the Sheriff's Office were that Plaintiff
13 allegedly raped her months before she filed her report. (Dkt. no. 37-1, Exh. 5.) In fact,
14 one of the Sheriff's Office investigators questioned Ms. Brown about why she did not
15 report the allegations of sexual assault and battery to the Sheriff's Office after they
16 occurred.[3] (*Id.*, Exh. 5, at 38.) Plaintiff does not claim that the issue of Ms. Brown's
17 delayed reporting was not presented at the preliminary hearing or disclosed to him.
18 Plaintiff further suggests that the Special Prosecutor could not produce the medical
19 records to support her explanation that Ms. Brown experienced post-traumatic stress
20 disorder. (Dkt. no. 40 at 3.) Plaintiff's proffered evidence, however, shows that the
21 diagnosis — post-traumatic stress disorder — was made by the prosecution's expert, not
22 the Special Prosecutor, in offering her expert opinion of Ms. Brown's delay in reporting.
23 (Dkt. no. 40-1, Exh. 2.) Plaintiff thus offers no evidence to dispute the Special
24 Prosecutor's representation to Plaintiff's counsel in the Criminal Case that all relevant

---

[3]According to Ms. Brown, she had reported an incident in the mid-1990s, but the deputy with the Sheriff's Office who responded called her a "liar" and no action was taken. (Dkt. no. 37-1, Exh. 15, at 38*.)* Ms. Brown claimed that because of that experience and because Plaintiff was "so good at convincing everyone that she was crazy," she decided not to report the rape incident. (*Id.*, Exh. 15, at 38.)

medical records had been produced other than records from treatment providers that were not accessible without Ms. Brown's consent. (Dkt. no. 37-1, Exh. 15.)

Plaintiff relies on *Dias v. Elique*, 436 F.3d 1125 (9th Cir. 2006), to argue that the probable cause finding has no preclusive effect because of the differing burden of persuasion — the probable cause finding in the Criminal Case was based on a "slight" or "marginal" evidence standard while a showing of lack of probable cause in this case is based on a preponderance of the evidence. (Dkt. no. 40 at 2.) In *Dias,* the court found that an agency's finding of fact under a substantial evidence standard is not entitled to preclusive effect when the court must make a finding of fact under a preponderance of the evidence standard. *Dias* addresses how the burden of persuasion affects issue preclusion when the evidence is viewed by different tribunals under differing degrees of persuasion. *Dias*, 436 F.3d at 1129-30. This is not the case here. In determining a lack of probable cause, the Court would not be examining the same evidence as the state court in the Criminal Case under a preponderance of the evidence standard. It is Plaintiff who carries the burden of persuading the Court by a preponderance of the evidence that there is no probable cause.

The Criminal Case involved one victim, who was also the main witness (i.e., Ms. Brown). Based in part on the testimony of this witness, the state court determined probable cause existed to bind Plaintiff over for trial. Plaintiff does not offer any evidence to overcome this finding. Because Plaintiff cannot show the essential element of a lack of probable cause, he cannot establish his malicious prosecution claims. In light of this ruling, the Court declines to consider Defendants' arguments as to the element of malice and various defenses.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

1   It is therefore ordered that Defendants' Motion for Summary Judgment (dkt. no.
2   37) is granted. The Clerk is directed to enter judgment in favor of Defendants.

DATED THIS 5th day of March 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE